CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 17 2014

JULIA C. DUDLEY, CLERK
BY:
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSHUA DAVID WIDENER,<br>　　Petitioner, | Civil Action No. 7:13-cv-00516 |
| v. | MEMORANDUM OPINION |
| MARIE VARGO,<br>　　Respondent. | By:　Hon. Glen E. Conrad<br>　　　Chief United States District Judge |

Joshua David Widener, a Virginia inmate proceeding with counsel, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, to challenge a sentence imposed by the Circuit Court of Smyth County. Widener argues that his sentence of life imprisonment without the possibility of parole for committing capital murder while a juvenile is unconstitutional in light of Miller v. Alabama, __ U.S. __, 132 S. Ct. 2455 (2012) (hereinafter, the "Miller claim").[1] Respondent filed a motion to dismiss, and the action is ripe for disposition. After reviewing the record, the court dismisses the petition without prejudice as unexhausted.

Federal habeas review is designed to give "state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 846 (1999). "It has been settled since Ex parte Royall, 117 U.S. 241 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." Picard v. Connor, 404 U.S. 270, 275 (1971). The Supreme Court of the United States has "consistently adhered to this federal policy, for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." Id. (internal quotation marks omitted).

---

[1] Widener was also sentenced to three consecutive life sentences for the rape, burglary, and robbery that occurred during the same events as the murder.

The record reveals that Widener never presented the Miller claim to the Supreme Court of Virginia. Widener argues in response to the motion to dismiss that state court remedies are exhausted because he presented the Miller claim to the Circuit Court of Smyth County via a pro se motion to vacate. However, this conclusion is not supported by law because Widener must present the claim to the highest state court as permitted by state law.[2] See id. at 275-78. Per Virginia Code § 8.01-654(A)(1), Widener may file a petition for a writ of habeas corpus directly to the Supreme Court of Virginia, and thus, Widener "has the right under the law of the State to raise . . . the question presented" to Virginia's highest court.[3] 28 U.S.C. § 2254(c); see O'Sullivan, 526 U.S. at 845-47 (recognizing the distinction between a prisoner's right to file and a state court's discretion to review a habeas petition).

It is not appropriate for this court to predict whether the Supreme Court of Virginia would dismiss the petition due to a state procedural rule, deny relief on the merits, or grant relief on the potentially meritorious claim and make this action moot. See Picard, 404 U.S. at 275. The exhaustion requirement is "an accommodation of our federal system designed to give the State the initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Id. Accordingly, the court dismisses the petition for a writ of habeas corpus as unexhausted to allow the Supreme Court of Virginia to consider Widener's Miller claim.

ENTER: This 17th day of September, 2014.

/s/ Jay Conrad
Chief United States District Judge

---

[2] Widener filed the pro se "motion to vacate invalid sentence" on June 3, 2013. By letter and opinion entered on October 29, 2013, the Circuit Court of Smyth County denied and dismissed the pro se motion for lack of jurisdiction because more than twenty-one days had passed since the sentencing order was entered, pursuant to Rule 1:1 of the Rules of the Supreme Court of Virginia. There is no evidence that Widener appealed that decision to the Supreme Court of Virginia or filed a motion for a delayed criminal appeal within six months after the dismissal order became final, pursuant to Virginia Code § 19.2-321.1 or § 19.2-321.2.

[3] Although Widener filed a pro se petition for a writ of habeas corpus with the Circuit Court of Smyth County in April 2003, the Circuit Court granted Widener's motion to voluntarily dismiss the petition without prejudice, and Widener did not refile the habeas petition with either the Circuit Court of Smyth County or the Supreme Court of Virginia.

2